THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOHERTY PIERSON,

    Plaintiff,

v.

NORTHWEST STEEL & PIPE, INC.,

    Defendant.

CASE NO. C18-0432-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff Doherty Pierson worked for Defendant Northwest Steel & Pipe, Inc. as a truck driver until he was terminated for insubordination after refusing to load additional materials into his truck at a job site. (Dkt. No. 10 at 2–3.) Defendant relied upon disciplinary terms in a collective bargaining agreement ("CBA") between Defendant and Plaintiff's union to terminate Plaintiff. (Dkt. No. 11 at 1.) Plaintiff subsequently brought suit in King County Superior Court alleging that Defendant terminated him in violation of Washington State public policy and the Washington Law Against Discrimination ("the WLAD"). (Dkt. No. 10 at 3); *see* Wash. Rev. Code § 49.60, *et seq*. Defendant removed the case to federal court based on federal questions

jurisdiction. (Dkt. No. 1.) Plaintiff moves to remand. (Dkt. No. 10.)

## II. DISCUSSION

### A. Legal Standard

A defendant is entitled to remove a lawsuit if the action could have originally been brought in federal district court. *Grable & Sons Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); 28 U.S.C § 1441(a). The removing party bears the burden of establishing that federal subject matter jurisdiction existed at the time of removal. *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). "The removal statute is strongly construed against removal jurisdiction." *Prize Frize*, 167 F.3d at 1265. The Court must remand a case if it lacked subject matter jurisdiction at the time of removal. 28 U.S.C. § 1447(c).

### B. Analysis

Defendant asserts the Court has subject matter jurisdiction because Plaintiff raised a federal question by referencing or relying on federal law. (Dkt. No. 1 at 3–4.) First, Defendant argues that Plaintiff raised a federal question by citing the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. section 31105, in support of his claim that his termination violated Washington State public policy. (*Id.* at 3.) Additionally, Defendant contends that Plaintiff's wrongful termination claim is founded on rights "created by the [CBA]." (Id. at 3.) Accordingly, Defendant argues that section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185(a), preempts Plaintiff's state-law claims, since these claims are "inextricably intertwined" with the terms of the CBA. (*Id.* at 4.)

Federal question jurisdiction exists only where the well-pleaded complaint clearly shows that federal law creates the cause of action or that vindication of a right under state law "necessarily depends on a substantial question of federal law." *Gunn v. Minton,* 568 U.S. 251, 258 (2013); *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). When a plaintiff invokes federal law as part of a state-law claim, the Court determines whether jurisdiction is appropriate. *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 813–14

(1986). This determination rests not merely on the "literal language" of the complaint, but also on a practical analysis of the plaintiff's claims and the form that a "well-pleaded complaint" would take. *Easton*, 144 F.3d at 982.

### 1. Removal under STAA

Plaintiff's reference to the STAA does not raise a federal question. (*See* Dkt. No. 1–2 at 4.) Defendant correctly concedes this point. *See Easton*, 144 F.3d at 982 (a mechanical reference to a federal law does not necessarily confer jurisdiction); (*see generally* Dkt. No. 11 at 1–12) (failing to argue this basis for jurisdiction in response to Plaintiff's motion to remand).

### 2. Removal under Section 301

This Court's jurisdiction rests on whether section 301 preempts Plaintiff's claim for discrimination in violation of public policy or the WLAD. Section 301 preempts state-law claims "founded directly on rights created by collective bargaining agreements." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). However, if the state-law claims exist independently of the CBA provisions, as they do here, then section 301 only preempts the claims if they rely substantially on interpretation of the CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). To decide whether claims rely substantially on interpretation of the CBA, the Court must determine whether the "claim[s] can be resolved by looking to versus interpreting the CBA." *Burnside,* 491 F.3d at 1060. When the Court need only *look at* the CBA to resolve the claims, they are not preempted. *Id.* (emphasis added). Furthermore, the Ninth Circuit has ruled that "a CBA provision does not trigger preemption when it is only potentially relevant to the state-law claims, without any guarantee that interpretation or direct reliance on the CBA terms will occur." *Humble v. Boeing Co.*, 305 F.3d 1004, 1010 (9th Cir. 2002).

Federal question jurisdiction under section 301 is inappropriate since neither of Plaintiff's state-law claims substantially rely on interpreting the CBA. Plaintiff's first claim, that Defendant violated public policy, rests on whether Plaintiff was terminated for his decision to oppose an unsafe practice. (*See* Dkt. No. 1-2 at 3.) This decision is not related to the terms of the CBA but

ORDER
C18-0432-JCC
PAGE - 3

rather turns on Defendant's motive for terminating Plaintiff. *See* Wash. Rev. Code section 49.60.190. Section 301 does not preempt this claim.

Plaintiff's second claim, for violation of the WLAD, does not require substantial interpretation of the CBA either. Defendant's argument that the Court will have to "apply and interpret" the CBA's progressive discipline and discharge provisions or the meaning of "just cause" is unconvincing. (Dkt. No. 11 at 4, 7) (describing the relevant terms in the CBA). Plaintiff does not allege that he was terminated in violation of the CBA's disciplinary terms. Rather, Plaintiff alleges that "race was a motivating factor in his termination"—an issue not addressed in the CBA. (Dkt. No. 1-2 at 5; *see* Dkt. No. 2 at 7–21.) "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005). Defendant has not met his burden of guaranteeing "that interpretation or direct reliance on the CBA terms will occur." *Humble,* 305 F.3d at 1010.

### 3. Removal under the Artful Pleading Doctrine

Defendant contends that Plaintiff cannot avoid preemption through "artful pleading" of state-law claims only. (Dkt. No. 10 at 6.) Indeed, federal law can displace "a plaintiff's state-law claim, no matter how carefully pleaded" when the "preemptive force of a statute is so strong that it 'completely preempt[s]' an area of state law." *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir. 2005). Section 301's preemptive force is strong, but not absolute; it does not apply where, as in the present case, state law claims are independent of the CBA. *See id.* at 1075–76; section II.2. Thus, Plaintiff retains the right to avoid federal jurisdiction by pleading only state-law claims. *See Valles,* 410 F.3d at 1075.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 10) is GRANTED.

//

DATED this 7th day of June 2018.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE